UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALI SAQIB SAQIB,

Petitioner,

v.

JULIO HERNANDEZ et al.,

Respondents.

CASE NO. 2:26-cv-02680-JNW

ORDER GRANTING MOTION TO ENFORCE

This matter comes before the Court on Petitioner Ali Saqib Saqib's motion to enforce the Court's order granting his petition for a writ of habeas corpus. Dkt. No. 14. Having reviewed the Parties' briefing, the record, and the law, the Court is fully informed and GRANTS the motion.

## 1. BACKGROUND

Ali Saqib Saqib is a citizen of Pakistan in the custody of Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 3 ¶¶ 2–3. He entered the United States and was detained by U.S. Customs and Border Protection in January 2025. *Id.* ¶¶ 5, 7. He

was issued an Order of Expedited Removal, Dkt. No. 18 at 25, and eventually transferred to NWIPC, Dkt. No. 3 ¶¶ 8, 10. He has been in custody ever since.

On October 15, 2025, ICE served Saqib Saqib with a Notice to Appear ("NTA") charging him as "an alien present in the United States who has not been admitted or paroled" who "demonstrated a credible fear of persecution or torture" if removed to Pakistan. Dkt. No. 18 at 22. On December 30, 2025, an Immigration Judge ("IJ") denied all relief to Saqib Saqib and issued an order of removal to Pakistan. *Id.* at 30. Saqib Saqib appealed the IJ's order to the Board of Immigration Appeals (BIA). Dkt. No. 3 ¶ 13. The appeal remains pending. Dkt. No. 14 at 2.

On July 29, 2026, Saqib Saqib filed his habeas petition. Dkt. No. 1. By then, he had spent over 18 months in detention without a bond hearing. The Court granted the petition, holding that his prolonged detention without a bond hearing violates due process. Dkt. No. 10 at 9. The Court ordered, in relevant part:

> Within FOURTEEN (14) days of this order, Respondents must provide Petitioner with an individualized bond hearing that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). In the event the immigration judge sets bond, Respondents are ORDERED to immediately release Petitioner . . .
>
> If the individualized bond hearing is not conducted within fourteen days of this order, Petitioner MUST be released immediately under appropriate conditions of supervised release.

*Id.*

On September 9, 2026, an IJ held a bond hearing and denied bond, finding the Government had proven by clear and convincing evidence that Saqib Saqib is a flight risk. Dkt. No. 18 at 99–100. The Government presented only the following

evidence to the IJ: (1) the NTA dated October 15, 2025, (2) the Notice and Order of Expedited Removal, (3) the Form I-213 from Saqib Saqib's initial entry, (4) the Order of Removal, and (5) the transcript of the IJ's oral decision ordering removal to Pakistan. Dkt. No. 18 at 20, 37. The Government argued Saqib Saqib is a flight risk for two reasons: first, his change of relief is speculative because he lost before the IJ and is now appealing the removal order to the BIA; and second, he has limited ties to the community because he has spent the entirety of his time in the United States in detention.

Saqib Saqib submitted letters of support, including one from his close family friend, Mohammad Nafaise, who offered to sponsor him. Dkt. No. 18 at 73. Nafaise wrote that he is a United States citizen and has worked as a construction company supervisor for the last three years. Dkt. No. 18 at 73 ¶ 7. Nafaise also wrote that he is "willing and able to receive, maintain, and support" Saqib Saqib. *Id.* ¶ 6. Seven other friends of Saqib Saqib submitted letters stating that they will support him upon his release and ensure that he attends immigration appointments and court proceedings. Dkt. No. 18 at 76–96.

The IJ bond order marks a box stating that the Department of Homeland Security (DHS) "has established by clear and convincing evidence that [Saqib Saqib] is a Flight Risk." Dkt. No. 18 at 99. At the end of the hearing, DHS counsel pointed the IJ to this Court's order, which required the parties to report the reasons for any bond denial. Dkt. No. 15 ¶ 15. The IJ declined to give reasons beyond his finding. He said he would prepare a detailed memorandum only if Saqib Saqib appealed to the BIA. Dkt. *Id.* On September 18, 2026, Saqib Saqib moved to enforce the Court's

order granting his habeas petition. Dkt. No. 14. He argues that he did not receive the hearing the Court ordered, and as a result, should be release. *Id*. The Government opposes Saqib Saqib's motion. Dkt. No. 16.

## 2. DISCUSSION

### 2.1 The Court waives the prudential exhaustion requirement.

The Government argues Saqib Saqib's challenge to the IJ's flight-risk finding belongs before the BIA, not the district court. Dkt. No. 16 at 2. In immigration habeas cases, administrative exhaustion is prudential, not jurisdictional. *See W.T.M. v. Bondi*, No. 25-cv-2428, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026) (citing *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017)). The Court may waive prudential exhaustion if: (i) the administrative remedies are "inadequate or not efficacious," (ii) "pursuit of administrative remedies would be a futile gesture," (iii) "irreparable injury" might result, or (iv) "the administrative proceedings would be void." *See Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004)).

Here, Saqib Saqib has been detained for more than 20 months. Government data reflects an average processing time of 204 days for BIA bond appeals. *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1307 (W.D. Wash. 2025). Requiring Saqib Saqib to wait in detention six months or more for BIA review would inflict irreparable harm—prolonged detention without meaningful process. *See W.T.M.*, 2026 WL 262583, at *3; *Vasquez Lopez v. Hernandez*, 830 F.

Supp. 3d 1097, 1101 (W.D. Wash. 2026); *Escalante Perez v. Hernandez*, No. C26-0956 TSZ, 2026 WL 1004559, at *2 (W.D. Wash. Apr. 14, 2026).

### 2.2 Respondents did not provide the hearing the Court ordered.

The question before the Court is whether the Government did what the Court directed it to do. The Court's order required a bond hearing meeting the requirements of *Singh v. Holder*, 638 F.3d 1196, 1204 (9th Cir. 2011)—one at which the Government proves by clear and convincing evidence that the detained person is a flight risk or a danger. Dkt. No. 10 at 9–10. The Court reviews the immigration judge's decision for abuse of discretion; it does not reweigh evidence or set bond itself. *Martinez v. Clark*, 124 F.4th 775, 784–85 (9th Cir. 2024).

The record shows that Respondents did not provide the hearing the Court ordered. As evidence of flight risk, DHS offered only forms recording how Saqib Saqib entered the country and the IJ's own rulings denying him relief. Dkt. No. 18 at 20, 37. Neither speaks to whether Saqib Saqib would appear. DHS pointed to no missed hearing, no skipped check-in, no attempt to flee. *Singh* settles that this is not enough for the Government to meet its burden. In *Singh*, the Ninth Circuit held that even a final order of removal "alone . . . does not constitute clear and convincing evidence . . . [of] a flight risk justifying denial of bond." 638 F.3d at 1205. Saqib Saqib's order isn't even final; it's on appeal. If a final order alone cannot prove flight risk, a non-final order plus an intake form cannot either.

An IJ may consider factors such as a fixed address, family ties, length of residence, and manner of entry. *Singh*, 638 F.3d at 1206 n.5 (quoting *Matter of*

*Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). While the BIA allows IJs to consider the "likelihood that relief from removal will be granted" when deciding bond, *Matter of R-A-V-P*, 27 I.&N. Dec. 803, 805 (B.I.A. 2020), such speculation must be weighed "based on the specific facts presented in a particular case." *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *5 (W.D. Wash. Apr. 10, 2026). Here, the IJ stated that relief is highly speculative because Saqib Saqib was denied relief in the first instance. This logic is not based on facts specific to Saqib Saqib. It would deny bond to every noncitizen appealing their removal order.

DHS did not rebut Saqib Saqib's letters of support or explain why Nafaise's sponsorship fell short. Yet the IJ ruled in its favor, effectively, flipping the burden on Saqib Saqib to prove he is not a flight risk. *See Zarei v. Larose,* No. 26-CV-02335-GPC-MMP, 2026 WL 1415042, at *5 (S.D. Cal. May 19, 2026) ("[While the IJ may consider a sponsor's reliability, . . . [DHS] did not present any clear or convincing evidence that Petitioner's sponsor was unreliable, such that Petitioner posed a flight risk, throughout the bond hearing."). Moreover, a decision that leaves the reviewing court to speculate about how the immigration judge weighed the evidence is an abuse of discretion. *Vasquez Lopez*, 830 F. Supp. 3d at 1103.

**2.3 Release is the appropriate remedy.**

The Government argues that this Court should order a written decision by the IJ identifying the evidence relied on or a new hearing under the same standard. Dkt. No. 16 at 4. Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

Because the hearing did not comply, the Government has not cured the constitutional violation the Court identified. The remedy for that failure is release. *See Harvest v. Castro,* 531 F.3d 737, 741–42 (9th Cir. 2008) (when a court issues a conditional writ and the government does not take the corrective step, "[t]he consequence . . . is always release."). A second hearing is not warranted—DHS had its chance to justify his detention and did not. Another hearing would give DHS a second chance at a burden it has already failed to carry, while Saqib Saqib remains detained. The Court declines to order one and instead orders his release under appropriate conditions of supervision. *See Martinez v. ICE Field Off. Dir.*, No. 2:26-CV-00032-JNW, 2026 WL 2090837, at *5 (W.D. Wash. July 21, 2026).

## 3. CONCLUSION

In sum, the Court ORDERS:

1. The motion to enforce is GRANTED. Dkt. No. 14.
2. Respondents must release Petitioner from custody, under appropriate conditions of supervision consistent with applicable statutory and regulatory authority, within TWENTY-FOUR (24) hours of this Order.
3. Respondents must file a status report within FORTY-EIGHT (48) hours of this Order, confirming that Petitioner has been released from custody.

Dated this 23rd day of October, 2026.

Jamal N. Whitehead
United States District Judge